```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WISCONSIN


ALBERT PATTERSON, d/b/a WORLD        )
WRESTLING ASSOCIATION, SUPERSTARS    )
 OF WRESTLING, INC., and d/b/a       )
W.W.A. SUPERSTARS,                   )
                                     )
          Plaintiff,                 )
                                     )
v                                    )
                                     )
DALE R. GAGNER AND WSL, INC d/b/a    )
WRESTLING SUPERSTARS LIVE (WSL),     )
INC..                                )
          Defendants                 )
```

## COUNT I
### COMPLAINT FOR BREACH OF CONTRACT

### NATURE OF THE ACTION

1.  Plaintiff, Albert P. Patterson is a resident of the State of Wisconsin residing at 3840 N. Sherman Blvd. Milwaukee, WI 53216 and operates his principal place of business in Wisconsin.

2.  Plaintiff, Albert P. Patterson does business in Wisconsin.

3.  Patterson has held a registration for the mark SUPERSTARS OF WRESTLING for more than ten years and recently renewed his registration for that mark with the United States

1

Patent and Trademark Office.

4. Defendant Dale R. Gagner is a resident of Rochester, Minnesota.

5. Defendant Dale Gagner does business in Wisconsin

6. Defendant WSL,Inc. a Minnesota Corporation, has its principal business at 3936 52 North #151, Rochester, Minnesota, 55901 and does business under the assumed name WRESTLING SUPERSTARS LIVE (WSL), INC.

7. Defendant WSL, Inc. does business in Wisconsin under the registered assumed name WRESTLING SUPERSTARS LIVE (WSL), INC..

8. On information and belief, Dale Gagner owns 50% or more of WSL, Inc.

9. Dale Gagner is the Chief Executive Officer of WSL, Inc.

10. The amount in controversy exceeds $75,000, and the Court has diversity jurisdiction pursuant to 28 USC 1332.

11. On or about May 25, 2001 the parties entered into a settlement agreement, a copy of which is attached hereto as Exhibit 1 and referred to herein as the 2001 Settlement Agreement.

12. In the 2001 Settlement Agreement, Dale Gagner consented to personal jurisdiction in Cook County, Illinois for purposes of

2

enforcement of this agreement."

13. Pursuant to the 2001 Settlement Agreement, defendant Dale R. Gagner assigned all ownership rights, titles and interests to all of Patterson's Marks acquired by Dale Gagner based on Gagner's prior use of Patterson's marks.

14. Defendant Gagner had extensively used the mark AWA Superstars of Wrestling and Wrestling Superstars prior to May 12, 2001 and conveyed such interests and use of such marks to Mr. Patterson under the 2001 Settlement Agreement.

15. Pursuant to the 2001 Settlement Agreement, an injunction was entered in favor of the plaintiff, Patterson, and against defendant Dale R. Gagner which prohibited Dale R. Gagner and his affiliates from using certain marks and words that have a likelihood of confusion with Plaintiff's marks unless Gagner licensed the use of the marks from Patterson.

16. The terms of the 2001 Settlement Agreement define affiliate as any entity owned 50% or more by Dale R. Gagner.

17. On information and belief, WSL, Inc. d/b/a WRESTLING SUPERSTARS LIVE (WSL), Inc., is an affiliate of Dale Gagner.

18. On May 31, 2001, the United States District Court for the Eastern District of Wisconsin, Case Number 00-C 951, issued an injunction against defendant, Dale R. Gagner and his

3

affiliates enjoining them from using the marks WORLD WRESTLING ASSOCIATION, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, WWA SUPERSTAR WRESTLING, WWA SUPERSTARS WRESTLING, WWA SUPERSTARS OF WRESTLING, WWA SUPERSTARS OF PRO WRESTLING, and any other mark, word or name similar to Plaintiff's marks which are likely to cause confusion anywhere in the United States of America. A copy of the injunction is attached to this Complaint and marked <u>Exhibit 3</u>.

19. Defendant Gagner and his affiliates were further enjoined from directly or indirectly receiving any remuneration whatsoever from any event that uses Patterson's service marks or words or names which are likely to cause confusion with Plaintiff's marks unless a license agreement exists for Defendant Gagner to use the marks. <u>Exhibit 3</u>.

. 20. In 2006, Plaintiff filed a Rule to Show Cause against defendant Gagner for violation of the injunction and license agreement in the Northern District of Illinois, Eastern Division, Case Number 06 CV 6724.

21. This Rule to Show Cause was resolved between the parties with a settlement agreement dated February 21, 2007. A true and correct copy of the 2007 Settlement Agreement is

4

attached as Exhibit 2 to this Complaint, and is referred to herein as the "2007 Settlement Agreement".

22. The 2007 Settlement Agreement amended the 2001 Settlement Agreement.

23. The 2007 Settlement Agreement resolved all issues between the parties that occurred prior to February 21, 2007.

24. The 2007 Settlement Agreement established a new license agreement beginning February 21, 2007 and ending February 21, 2012.

25. Pursuant to the 2007 Settlement Agreement, Gagner promised to pay a guaranteed payment of $1,500 to Patterson. Gagner paid $500 but has failed to pay the balance due of $1,000 to Patterson.

26. In the 2007 Settlement Agreement, defendant Gagner agreed to advise Patterson of each event that Gagner advertised using one of more of Patterson's marks. or words or names which are likely to cause confusion with Plaintiff's marks.

27. To date defendant Gagner has not advised Patterson of any use of Patterson's marks or words or names which are likely to cause confusion with Plaintiff's marks pursuant to said settlement agreement.

28. On or about March 29, 2008, Dale Gagner promoted a

5

wrestling event in Racine, WI which was advertised using the words WRESTLING SUPERSTARS, a name that is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING

29. On or about June 15, 2008, Dale Gagner promoted a wrestling event at the Speedrome in Indianapolis, Indiana which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

30. On or about August 2, 2008, Dale Gagner promoted a wrestling event at the Olmsted Co Fairgrounds, Rochester, Minnesota which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

31. On or about September 13, 2008, Dale Gagner promoted a wrestling event at the Waukesha, WI which was advertised using the words AWA SUPERSTARS OF WRESTLING a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

32. On or about Oct 11, 2008, Dale Gagner promoted a wrestling event at the Speedrome in Indianapolis, Indiana was as advertised using the words WRESTLING SUPERSTARS and AWA SUPERSTARS OF WRESTLING, names that are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

33. On or about October 18, 2008, Dale Gagner promoted a wrestling event at the Belltime HVW Arena, 3515 Ashville Highway, Hendersonville, North Carolina which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

34. On or about January 30, 2009, Dale Gagner promoted a live wrestling event at the HVW Arena, 315 Ashville HWY, Hendersonville, NC which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

35. On or about February 21, 2009, Dale Gagner promoted a wrestling event at the El Nopal Ballroom in Michigan City, Indiana which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

36. On or about March 6, 2009, Dale Gagner promoted a wrestling event at the Belltime HVW Arena, 3515 Ashville Highway, Hendersonville, North Carolina which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

37. On or about March 6, 2009, Dale Gagner promoted a live wrestling event at the Statesville Fitness Center, Statesville,

7

North Carolina 28625 which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

38. On or about March 14, 2009, Dale Gagner promoted a wrestling event at the Bell Time HVW Arena, 3515 Ashville Highway, Hendersonville, North Carolina which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

39. On or about March 28 and 29, 2009, Dale Gagner promoted a wrestling event or events at the Racine Civic Center, Racine, Wisconsin which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

40. On or about April 18, 2009, Dale Gagner promoted a live wrestling event Mountain Mahem in Fayetteville West Virginia using American Wrestling Association Superstars, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

41. On or about April 19 2009, Dale Gagner promoted a live wrestling event at the All-Star Sports Garden in Fairmont West Virginia using American Wrestling Association Superstars, a name which is likely to cause confusion with Plaintiff's mark

8

SUPERSTARS OF WRESTLING.

42. On or about May 29 2009, Dale Gagner promoted a live wrestling event at Red and Jerry's, 1840 W Oxford Ave., Sheridan Co 80110 using WRESTLING SUPERSTARS LIVE, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

43 On or about June 9, 2009, Dale Gagner promoted a live wrestling event at the NorShor Theatre in Duluth, Minnesota which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

44. On or about June 9, 2009, Dale Gagner promoted a live wrestling event at the Statesville Fitness Center, Statesville, North Carolina 28625 which was advertised using the words WRESTLING SUPERSTARS a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

45. On or about June 27, 2009, Dale Gagner promoted a live wrestling event at the Gray Bell Auction, HWY 281, Royston, Georgia using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

46. On or about October 2, 2009, Dale Gagner promoted a live wrestling event at the NorShor Theatre in Duluth, Minnesota

9

which was advertised using the words WRESTLING SUPERSTARS a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

47. On or about October 23, 2009, Dale Gagner promoted a live wrestling event in Duluth, Minnesota which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

48. On or about July 8, 2011, Dale Gagner promoted a wrestling event at the Moody Gardens Event Center in Galveston, Texas which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

49. On or about July 9, 2011, Dale Gagner promoted a wrestling event at the Montagne Center in Beaumont, Texas which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

50. On or about August 26, 2011, Dale Gagner promoted a wrestling event at the Moody Gardens Event Center in Galveston, Texas which was advertised using the words WRESTLING SUPERSTARS, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

51. On or about April 28, 2012, Dale Gagner promoted a wrestling event at in Beaumont, Texas which was advertised using the initials WSLive and on a Facebook page entitled WRESTLING SUPERSTARS LIVE, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

52. On or about April 29, 2012, Dale Gagner promoted a wrestling event at the Moody Gardens Event Center in Galveston, Texas which was advertised using the initials WSLive and on a Facebook page entitled WRESTLING SUPERSTARS LIVE, a name which is likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

53. On information and belief, defendant has been using Plaintiff's marks in connection with wrestling entertainment events in addition to those described above which are advertised using names that are identical to or are likely to cause confusion with one or more of Plaintiff's marks.

54. On information and belief defendants Dale Gagner and WSL. Inc. d/b/a WRESTLING SUPERSTARS LIVE (WSL), INC. have received remuneration from producing events using the marks SUPERSTARS OF WRESTLING and SUPERSTARS WRESTLING names which are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

11

55. Defendant Gagner is in breach of the 2001 Settlement Agreement as amended by the 2007 Settlement Agreement with Albert Patterson.

56. The 2007 Settlement Agreement provides for liquidated damages in the minimum amount of $1000 per event using Patterson's marks or using names which are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING where Gagner has failed to advise Patterson of such use prior to and during the event.

57. On and after March 1, 2007, Gagner and/or his affiliates, including but not limited to WSL. Inc d/b/a WRESTLING SUPERSTARS LIVE (WSL) , INC., sold merchandise including but not limited to t-shirts, toys and DVDs using Patterson's marks or using names which are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

58. Neither Gagner nor his affiliates ever advised Patterson of the sale of this merchandise at any of the above described events or any other events.

59. On and after March 1, 2007, Gagner and/or his affiliates, including but not limited to WSL, Inc. d/b/a WRESTLING SUPERSTARS LIVE (WSL), INC., continuously sold merchandise at events and on the internet including but not

12

limited to t-shirts, toys and DVDs using Patterson's marks or using names which are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING.

60. Neither Gagner nor his affiliates ever advised Patterson of the sale of merchandise using Patterson's marks or using names which are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING. that are confusingly similar to Patterson's marks..

61. The 2007 Settlement Agreement provides for liquidated damages for the sale of merchandise using Patterson's marks or using names which are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING in the amount of $5,000 per month.

62. Patterson has suffered damages in the amount of at least $345,000 for the Defendant Gagner's breach, and defendant WSL. Inc. d/b/a WRESTLING SUPERSTARS LIVE (WSL), INC's breach, of the 2001 Settlement Agreement, as amended by the 2007 Settlement Agreement, with Patterson.

63. The 2001 Settlement Agreement provides that Gagner pay Patterson's attorney fees incurred in connection with the enforcement of the agreement.

PRAYER FOR RELIEF AS TO COUNT I

Plaintiff respectfully prays that this Court:

A. Grant money damages in the amount of $1,000 against the defendant Dale Gagner and his affiliate WSL.Inc, d/b/a WRESTLING SUPERSTARS LIVE (WSL), INC. and in favor of Albert Patterson for the amount due under the contract but not paid.

B.. Grant money damages against the defendant Dale Gagner and his affiliate WSL. Inc. d/b/a WRESTLING SUPERSTARS LIVE (WSL), INC. and in favor of Albert Patterson in the amount of $1,000 for each event after the 2007 Settlement Agreement commenced on March 1, 2007 in the total amount of $34,000 which amount is in addition to the amount requested in paragraph A for each event promoted by defendant using Plaintiff's marks or a names which are likely to cause confusion with Plaintiff's marks.

C. Grant money damages against the defendant Dale Gagner and his affiliate WSL. Inc. d/b/a WRESTLING SUPERSTARS LIVE (WSL), INC. and in favor of Albert Patterson in the amount of $5,000 for each month during which the defendant Dale Gagner and/or his affiliate WSL. Inc. sold merchandise using the Plaintiff's marks or names which are likely to cause confusion with Plaintiff's mark SUPERSTARS OF WRESTLING after the 2007 Settlement Agreement commenced (February 21, 2007) in the total amount of $300,000 which is in addition to the amounts requested in paragraphs (A) AND (B).

D. Grant an award of Patterson's reasonable attorney's fees and costs.

E. Grant such further relief as the Court deems necessary and proper.

## COUNT II RULE TO SHOW CAUSE

Plaintiff incorporates paragraphs 1 through 60 and paragraph 63 of Count I into this Count II by reference and re-alleges each and every one of these paragraphs in this Count II as paragraphs 1 through 61..

62. This court has jurisdiction under this Count II as a federal question to enforce an injunction issued under the Lanham Act at 15 USC 1501 et. seq,

63. Defendant Gagner has violated the injunction attached as Exhibit 3.

64. Defendant WSL. Inc d/b/a WRESTLING SUPERSTARS LIVE (WSL), Inc has violated the injunction attached as Exhibit 3.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court:

A. Grant a period of discovery during which the defendants and third parties shall be required to provide information relating to defendants' use of Patterson's marks SUPERSTARS OF WRESTLING, SUPERSTARS WRESTLING, and other marks covered by the

15

injunction and words similarly confusingly similar to Patterson's marks as provided in the injunction and to ascertain all remuneration received by defendant Gagner and his affiliates in connection with the events advertised with such marks and to ascertain the business partners and affiliates of Gagner in connection with events using such marks and to ascertain defendant's complete financial information since the injunction was issued by the Court;

    B.   That the Court issue a Rule to Show Cause why the defendants should not be held in contempt of this Court for deliberate violations of this court's injunction and issue sanctions in connection with the violation of the injunction;

    C. That this Court sanction the defendants for violations of the injunction including an award of money damages in favor of the plaintiff and against defendant Gagner and his affiliates, including but not limited to WSL, Inc.

    D.   That the Court issue such further injunctions as may be required to protect plaintiff's marks:

    E.   That this court award plaintiff all reasonable attorney fees and expenses incurred in connection with this litigation and all matters relating to the enforcement of the injunction.

    F.   Grant such further relief as the Court deems necessary

16

and proper.

                        ALBERT PATTERSON

                        _____
                        Charles Drake Boutwell

Charles Drake Boutwell
3075 Plum Island Drive
Northbrook, Ill 60062
847-272-2126
Fax 847-272-2275