IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON d/b/a )
WORLD WRESTLING ASSOCIATION, ) '01 MAY 25 P12:54
SUPERSTARS OF WRESTLING, INC. )
    Plaintiff ) No. 00-C- 0951
     )
v. ) Judge Thomas Curran
     )
DALE R. GAGNER d/b/a )
Superstars of Wrestling, )
individually, and AWA SUPER ) JURY TRIAL DEMANDED
STARS OF WRESTLING, INC. )
     )
    Defendants

## SETTLEMENT AGREEMENT

WHEREFORE the parties to this litigation agree to settle their differences in this litigation, Plaintiff and Defendant Dale R. Gagner ("Gagner") on his personal behalf, and on behalf of any of his affiliates including but not limited to the defendant AWA SUPERSTARS OF WRESTLING, INC. as its President, hereby agree:

Plaintiff shall dismiss the above captioned action against all of the Defendants with prejudice.

As a part of the settlement agreement, the defendant agrees to an injunction to be issued by the court to permanently enjoin the defendants Dale R. Gagner and AWA Superstars of Wrestling, Inc. and any business in which Dale Gagner owns a 50% of more interest, from directly or indirectly from using plaintiff's marks SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, WWA SUPERSTAR WRESTLING, WWA SUPERSTARS WRESTLING, WWA SUPERSTARS OF WRESTLING, and WWA

1

SUPERSTARS OF PRO WRESTLING SUPERSTAR WRESTLING or any other mark word or name similar to plaintiff's marks (hereinafter referred to as the "Marks") which are likely to cause confusion anywhere in the United States of America, unless Dale Gagner shall have a written license agreement to use said marks from Plaintiff, his heirs or assigns.

Further that Dale R. Gagner be enjoined from directly or indirectly receiving any remuneration whatsoever from any event that uses plaintiff's service Marks as above identified; unless said event shall have a written license agreement to use said Marks from Plaintiff, his heirs or assigns.

This agreement shall be contingent upon the Court's agreement to issue the above stated injunction.

That the defendant and his affiliates agree not to use any of the Marks unless permission or license in writing to use said Marks shall be obtained from Mr. Albert Patterson, his heirs or assigns.

That to the extent Dale R. Gagner or any of his affiliates used any of the Marks prior to this date, all ownership rights, titles and interests to such Marks acquired by any of the defendants or their affiliates by reason of such usage of such Marks are hereby irrevocably and unconditionally conveyed and assigned to the plaintiff, Albert Patterson, his heirs and assigns.

Defendant Dale R. Gagner warrants that neither he nor AWA Superstars of Wrestling, Inc. has conveyed any interest in any of

2

the Marks to any other person at any time. Defendant Dale R. Gagner and any of his affiliates hereby agree not to use or be associated with any wrestling event, or any purported wrestling event, or any publication through a public medium depicting a wrestling event or wrestlers using the Marks including but not limited to television, cable, radio, books, magazines, mail, merchandise, the internet, or the telephone using any Marks.

The parties agree that defendant Gagner or his affiliates shall only use the Marks if a license shall be first obtained in writing with Mr. Albert Patterson, his heirs or assigns.

LIQUIDATED DAMAGES:

In the event that the defendant Dale R. Gagner, or any of his affiliates, shall use any of the Marks after the date of this agreement without the written permission of Mr. Patterson, his heirs or assigns, or if defendant Dale R. Gagner shall be involved as a booking agent, promoter or otherwise provide services in connection with a wrestling promotion, publication or event using such Marks, and shall not first obtain a license from the plaintiff, his heirs or assigns, Defendant Dale R. Gagner agrees to pay as liquidated damages the greater of (i) and (ii) where (i) shall be $1,000 per event, show or publication and (ii) shall be an amount equal to 7% (seven percent) of the gross revenue which shall be the gross amount received as a result all revenues received from the event, show or publication including but not limited to ticket sales, the gross amount of all concessions sold at the event, the gross amount of all proceeds

3

received from any advertisers in connection with the event and all other revenues received in connection with the event. In the event of the sale of merchandise, the liquidated damages shall be the greater of (i) or (ii) where (i) shall be $5,000 for each type of merchandise sold per month; and (ii) shall be 7% (seven percent) of the gross revenue received as a result of the sale of such merchandise. Gagner agrees to pay interest on any liquidated damages at the rate of 12% per annum compounded annually from the date the revenue was received until the date the liquidated damages are paid.

Dale R. Gagner agrees that he shall be personally liable for the liquidated damages and attorney fees even if he does not personally receive the revenue from the event, show, publication or merchandise.

In the event litigation shall be necessary to recover such liquidated damages, Dale R. Gagner agrees to pay the reasonable attorney fees incurred by Mr. Albert Patterson, his heirs or assigns to enforce this agreement.

Mr. Gagner agrees that any litigation in connection with this agreement shall solely be brought in any state or federal court in Cook County, Illinois, and Gagner consents to jurisdiction and venue in Cook County, Illinois for purposes of enforcing this agreement, with the exception that enforcement and/or collection of any judgment hereunder may be brought in any appropriate jurisdiction.

Mutual releases:

4

In consideration for execution of this agreement Plaintiff Albert Patterson releases Dale Gagner, and AWA SUPERSTARS OF WRESTLING, INC. of all claims which he may have to the date of this agreement, whether known or unknown. Moreover, Dale R. Gagner, and AWA SUPERSTARS OF WRESTLING, INC. hereby release Albert Patterson, his heirs and assigns of all claims any of them may have, whether known or unknown to the date of this agreement.

05/25/2001
Date

Albert Patterson

05210
Date

Dale R. Gagner

[Notary seal: MATTHEW J. LINN, NOTARY PUBLIC, STATE OF WISCONSIN]
5/25/01

[Notary stamp: THOMAS G. HUEY, Notary Public, Minnesota, My Commission Expires Jan. 31, 2005]
May 21, 2001

5

MARKED UP

## SETTLEMENT AGREEMENT

Wherefore plaintiff Albert Patterson has filed a Rule to Show Cause against Dale Gagner, and whereas the parties have agreed to resolve the dispute, Plaintiff Albert Patterson and defendant Dale R. Gagner hereby agree as follows:

I. The prior injunctions and court orders issued by the Court by and between the parties shall remain in full force and effect.

II. Dale Gagner shall pay Albert Patterson and/or Patterson's attorney Charles Drake Boutwell the sum of $1,500 on or before March 31, 2007. Patterson acknowledges that Gagner has already paid $500 of this amount such that $1,000 remains to be paid.

III. Whereas Patterson and Gagner previously entered into an agreement entitled "Operations Manager License Agreement" on June 29, 2001, (a copy of which is attached hereto and incorporated herein by reference) and whereas said agreement terminated on June 29, 2002, and whereas the parties desire to reinstate said agreement effective February 21, 2007 with the following amendments:

1. The following language shall be added at the end of paragraph 1. "Gagner agrees to submit all uses of Patterson's marks under this license agreement to Patterson for Patterson's approval."

2. The royalty percentage stated in paragraph 2 of said agreement shall be three percent (3%) instead of seven percent (7%) wherever seven percent (7%) shall appear therein.

3. The following language shall be added at the end of paragraph 3. The jurisdiction for the agreement shall be the United States of America, Puerto Rico, Canada, Mexico, the Virgin Island, and Jamacia. Gagner agrees to use Patterson's marks a minimum of _____ events per year; provided that if Gagner shall no longer be involved with professional wrestling events, whatsoever, this minimum requirement shall be waived for the period of noninvolvement.

4. The period of the reinstated license agreement stated in paragraph 5 shall be five years instead of one year and shall run beginning from the date of reinstatement, February 21, 2007.

5. The following language shall be added to paragraph 13. Dale Gagner consents to personal jurisdiction in Cook County, Illinois for purposes of enforcement of this agreement.

IV. If Gagner complies with the terms of the license agreement described in part III hereof, then all claims by Patterson against Dale Gagner prior to February 21, 2007 shall be settled and resolved without further payment by Gagner to Patterson.

WHEREFORE THE PARTIES HAVE EXECUTED THIS SETTLEMENT AGREEMENT AS FOLLOWS:

Apr. 28 2006 10:14AM
FAX NO. :
Blumberg No. 5118 EXHIBIT
Exhibit 2
Case 2:12-cv-01049-LA Filed 10/13/12 Page 6 of 8 Document 1-1

4/24/07 *Albert P Patterson*
Date    Albert Patterson d/b/a World Wrestling Association Superstars of Wrestling

NOTARY PUBLIC
04907
Date    Dale Gagner

NOTARY PUBLIC

Bernadette Sims   1/09/07



BERNADETTE SIMS
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2010

AO 450 (Rev. ...... ...nt in a Civil Case

U.S. DIST. COURT EAST DIST.
FILED
MAY 31 2001
AT _____ O'CLOCK
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __WISCONSIN__

ALBERT PATTERSON d/b/a
WORLD WRESTLING ASSOCIATION,
SUPERSTARS OF WRESTLING, INC.

JUDGMENT IN A CIVIL CASE

v.

CASE NUMBER: 00-C-951

DALE R. GAGNER d/b/a
Superstars of Wrestling, individually
and AWA SUPER STARS OF
WRESTLING, INC.

[ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

[X] Decision by Court. This action brought by Plaintiff Albert Patterson d/b/a World Wrestling Association, Superstars of Wrestling, Inc. against Defendants Dale R. Gagner d/b/a Superstars of Wrestling and AWA Super Stars of Wrestling, Inc. came before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the parties having agreed to settle all claims,

IT IS ORDERED AND ADJUDGED THAT:

each of the Defendants Dale R. Gagner d/b/a Superstars of Wrestling, individually, and AWA Superstars of Wrestling, Inc. and its affiliates, successors and assigns and any business in which Dale Gagner owns a 50% or more interest, are enjoined from using any of the marks WORLD WRESTLING ASSOCIATION, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, WWA SUPERSTAR WRESTLING, WWA SUPERSTARS WRESTLING, WWA SUPERSTARS OF WRESTLING, WWA SUPERSTARS OF PRO WRESTLING or any other mark, word or name similar to Plaintiff's marks which are likely to cause confusion anywhere in the United States of America.

Further that Dale Gagner is enjoined from directly or indirectly receiving any remuneration whatsoever from any event that uses Plaintiff's service Marks as above identified; unless said event shall have a written license agreement to use said Marks from the Plaintiff, his heirs or assigns.

IT IS FURTHER ORDERED AND ADJUDGED

that this action is dismissed with prejudice.

Dated: May 31, 2001     SOFRON B. NEDILSKY, Clerk

(By) Deputy Clerk

DATED: 6/14/01
SOFRON B. NEDILSKY, Clerk
By _____ Deputy
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.