IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON d/b/a )
WORLD WRESTLING ASSOCIATION, )
SUPERSTARS OF WRESTLING, INC. )
    Plaintiff )   No. 00-C- 0951
)
v. )   Judge Thomas Curran
)
DALE R. GAGNER d/b/a )
Superstars of Wrestling, )
individually, and AWA SUPER )   JURY TRIAL DEMANDED
STARS OF WRESTLING, INC. )
    Defendants

## SETTLEMENT AGREEMENT

WHEREFORE the parties to this litigation agree to settle their differences in this litigation, Plaintiff and Defendant Dale R. Gagner ("Gagner") on his personal behalf, and on behalf of any of his affiliates including but not limited to the defendant AWA SUPERSTARS OF WRESTLING, INC. as its President, hereby agree:

Plaintiff shall dismiss the above captioned action against all of the Defendants with prejudice.

As a part of the settlement agreement, the defendant agrees to an injunction to be issued by the court to permanently enjoin the defendants Dale R. Gagner and AWA Superstars of Wrestling, Inc. and any business in which Dale Gagner owns a 50% of more interest, from directly or indirectly from using plaintiff's marks SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, WWA SUPERSTAR WRESTLING, WWA SUPERSTARS WRESTLING, WWA SUPERSTARS OF WRESTLING, and WWA

1

Exhibit 1
Case 2:12-cv-01049-LA   Filed 01/16/13   Page 1 of 5   Document 6

SUPERSTARS OF PRO WRESTLING SUPERSTAR WRESTLING or any other mark word or name similar to plaintiff's marks (hereinafter referred to as the "Marks") which are likely to cause confusion anywhere in the United States of America, unless Dale Gagner shall have a written license agreement to use said marks from Plaintiff, his heirs or assigns.

Further that Dale R. Gagner be enjoined from directly or indirectly receiving any remuneration whatsoever from any event that uses plaintiff's service Marks as above identified; unless said event shall have a written license agreement to use said Marks from Plaintiff, his heirs or assigns.

This agreement shall be contingent upon the Court's agreement to issue the above stated injunction.

That the defendant and his affiliates agree not to use any of the Marks unless permission or license in writing to use said Marks shall be obtained from Mr. Albert Patterson, his heirs or assigns.

That to the extent Dale R. Gagner or any of his affiliates used any of the Marks prior to this date, all ownership rights, titles and interests to such Marks acquired by any of the defendants or their affiliates by reason of such usage of such Marks are hereby irrevocably and unconditionally conveyed and assigned to the plaintiff, Albert Patterson, his heirs and assigns.

Defendant Dale R. Gagner warrants that neither he nor AWA Superstars of Wrestling, Inc. has conveyed any interest in any of

2

the Marks to any other person at any time. Defendant Dale R. Gagner and any of his affiliates hereby agree not to use or be associated with any wrestling event, or any purported wrestling event, or any publication through a public medium depicting a wrestling event or wrestlers using the Marks including but not limited to television, cable, radio, books, magazines, mail, merchandise, the internet, or the telephone using any Marks.

The parties agree that defendant Gagner or his affiliates shall only use the Marks if a license shall be first obtained in writing with Mr. Albert Patterson, his heirs or assigns.

LIQUIDATED DAMAGES:

In the event that the defendant Dale R. Gagner, or any of his affiliates, shall use any of the Marks after the date of this agreement without the written permission of Mr. Patterson, his heirs or assigns, or if defendant Dale R. Gagner shall be involved as a booking agent, promoter or otherwise provide services in connection with a wrestling promotion, publication or event using such Marks, and shall not first obtain a license from the plaintiff, his heirs or assigns, Defendant Dale R. Gagner agrees to pay as liquidated damages the greater of (i) and (ii) where (i) shall be $1,000 per event, show or publication and (ii) shall be an amount equal to 7% (seven percent) of the gross revenue which shall be the gross amount received as a result all revenues received from the event, show or publication including but not limited to ticket sales, the gross amount of all concessions sold at the event, the gross amount of all proceeds

3

received from any advertisers in connection with the event and all other revenues received in connection with the event. In the event of the sale of merchandise, the liquidated damages shall be the greater of (i) or (ii) where (i) shall be $5,000 for each type of merchandise sold per month; and (ii) shall be 7% (seven percent) of the gross revenue received as a result of the sale of such merchandise. Gagner agrees to pay interest on any liquidated damages at the rate of 12% per annum compounded annually from the date the revenue was received until the date the liquidated damages are paid.

Dale R. Gagner agrees that he shall be personally liable for the liquidated damages and attorney fees even if he does not personally receive the revenue from the event, show, publication or merchandise.

In the event litigation shall be necessary to recover such liquidated damages, Dale R. Gagner agrees to pay the reasonable attorney fees incurred by Mr. Albert Patterson, his heirs or assigns to enforce this agreement.

Mr. Gagner agrees that any litigation in connection with this agreement shall solely be brought in any state or federal court in Cook County, Illinois, and Gagner consents to jurisdiction and venue in Cook County, Illinois for purposes of enforcing this agreement, with the exception that enforcement and/or collection of any judgment hereunder may be brought in any appropriate jurisdiction.

Mutual releases:

4

In consideration for execution of this agreement Plaintiff Albert Patterson releases Dale Gagner, and AWA SUPERSTARS OF WRESTLING, INC. of all claims which he may have to the date of this agreement, whether known or unknown. Moreover, Dale R. Gagner, and AWA SUPERSTARS OF WRESTLING, INC. hereby release Albert Patterson, his heirs and assigns of all claims any of them may have, whether known or unknown to the date of this agreement.

05/25/2001
Date

*Albert P. Patterson* (signature)
Albert Patterson

05210
Date

*Dale R. Gagner* (signature)
Dale R. Gagner

[Notary seal: Matthew J. Linn, Notary Public, State of Wisconsin]
(signature)
6/25/01

[Notary stamp: Thomas G. Huey, Notary Public, Minnesota, My Commission Expires Jan. 31, 2005]
*Thomas G. Huey* (signature)
May 21, 2001

5